Welch, J.
In overruling the objection taken to the testimony of Mrs. Parker, we think the court committed no error. It is well-settled law in Ohio, that the declarations of the prosecuting witness, made immediately or soon after the commission of the alleged rape, may be received in evidence. They are to be received, not as evidence of their own truth, not as evidence of the guilt of the defendant, but *401 merely in “corroboration” of the prosecuting witness, in. the sense that they remove from her testimony a cloud of suspicion that might otherwise rest upon it. It was for this, purpose exclusively that the court below admitted the declarations in question. The ground of objection to their-admission was not stated by counsel at the time they were offered. The fact that sufficient evidence had already been given to show that complaint -was made, although suggested by the court as a probable ground of the objection, was disavowed by the counsel. The ground now assumed is, that the court allowed the witness to go too far-into the details of the complaint, and particularly that the witness was allowed to state the fact that the prosecutrix declared the defendant to be the guilty party. Undoubtedly the safer and better "rule, in the generality of cases, is, to limit the prosecution to a general statement of the fact that complaint was made, or the substance of her declarations, and leave to the prisoner to bring out the details,, if he chooses so to do. How far the prosecution shall be-permitted to go into details, in giving the declarations of the female, must, to a great extent at least, be left to the-discretion of the court. "Whether the court might, in any given case, so far abuse that discretion as to render the proceeding erroneous, we need not now decide. It is enough for this case to say, that we are by no means prepared to lay down as law the .rule insisted upon by counsel, namely, that in proving her declarations, the fact that the prosecutrix charged the crime upon the defendant, should be suppressed. If she was acquainted with the party, and recognized him at the time of the outrage, his name would be-almost the first word she would utter in making her outcry or complaint, and the complaint would be unnatural without it. It is because it is natural for a female to make immediate complaint, when so violated, that the law calls, upon her to show the fact of such complaint, and the law will not require her to make a complaint that is unnatural *402 ;and constrained. We think the court did not err in admitting the testimony of Mrs. Parker.
We are of opinion, however, that the court did err, to >the prejudice of the defendant, in ruling out the questions propounded to the witness Hurlburt, on cross-examination. Hurlburt had testified, on his examination-in-chief, that Mrs. Hale, at the interview referred to, unhesitatingly and unqualifiedly recognized and identified the defendant as the guilty man. He was then asked, on cross-examination, whether he did not, at the close of the interview, say to Mrs. Hale, in effect, that she had failed to recognize or identify the defendant, and also whether he (the witness) did not subsequently say that Mrs. Hale, during the interview, admitted that she could not swear positively that he was the man. This was legitimate cross-examination. The plain object of both questions was to discredit the statements of the witness, by impeaching his veracity or his memory. An affirmative answer to either of the two questions propounded would have directly tended to show, both that the witness had failed to give the whole conversation had between him and Mrs. Hale at the time referred to, and also that he did not then understand her as identifying the prisoner, at least not as identifying him with that certainty, or freedom from doubt, indicated by the witness’ testimony in chief. We are clear in the conviction that the defendant was denied the benefit of a full and fair cross-examination of the witness, and that the court were in this respect in error. It is argued, however, that the error is not shown to be prejudicial to the defendant, for the reason that his counsel did not at the time disclose what they expected to prove by the witness. I know of no case where the rule requiring such a disclosure has been applied to a cross-examination. Whether such a case might arise, need not now be decided. We are satisfied it has no just application to this case, where the object and purpose of the inquiry was as manifest without any disclosure as it could possibly be made by an express avowal of counsel. Being an adversary witness, counsel could not be presumed to *403 know what his answer would be. The purpose and object was to impeach the witness. How this object was to be effected, counsel could not tell until they should hear the .answer. If he answered affirmatively, he would stand impeached by the admission; if he answered negatively, then, and not till then, a foundation would have been laid for contradicting his testimony. We are of opinion, therefore, that the court, in ruling out these questions propounded to the witness on cross-examination, erred, to the prejudice of the plaintiff in error.

Judgment reversed, and cause remanded for new trial.